# Loeb *v.* City of Montgomery.

## *Assumpsit.*

(Decided December 18, 1913.   63 South. 1023.)

*Appeal and Error; Harmless Error; Instructions.*—Although the judge in instructing the jury used an illustration calculated to prejudice the jury against the complaining party, yet where it appears reasonable upon a review of the whole case that it did not in fact operate prejudicially against such party, and the court otherwise correctly stated the law, a reversal will not follow.

CERTIORARI to Court of Appeals.

Assumpsit by the City of Montgomery against M. Loeb. Judgment for plaintiff in the trial court which was affirmed by the Court of Appeals in the decision rendered and set out in 7 Ala. App. 325, 61 South. 642, and defendant seeks to review the same by certiorari. Writ denied.

WEIL, STAKELY & VARDAMAN, for appellant. It is always error for the court in its charge to the jury to improperly appeal to the sympathy and prejudice of the

jury.—38 Cyc. 1683; 71 Fed. 258; 37 Fa. 405; 112 Ill. App. 40. Counsel discuss other assignments with citation of authority, but in view of the opinion it is not deemed necessary to here set it out.

C. P. McINTYRE, and JOHN V. SMITH, for appellee. The clerical misprision will not operate to reverse a judgment.—*Ellington L. Co. v. Morgan,* 88 Ala. 443. The court properly charged as to the measure of damages, and the illustration used was to show the reason for the measure of damages as stated by the court, hence, no error can be predicated thereon.

SAYRE, J.—The application for the writ of certiorari to the Court of Appeals attacks the opinion of that court on three points, to wit: It says the court erred in holding that the demurrer to the complaint was properly overruled; it says the court erred in holding that the demurrer to the second plea was properly sustained; it says the court erred in its oral charge to the jury.

Of the third point taken against the opinion of the Court of Appeals it may be well to say that we are not of the opinion that the part of the charge of which petitioner complains should be classed as misleading merely, and should therefore have been made the subject of an explanatory charge. If we can see that a charge or remark of the court to the jury is calculated to arouse the prejudices of the jury and thus bias their minds against a party, we would hold it to be positively and efficiently bad, and order a reversal for its giving unless it is reasonably clear upon the whole record that the charge did not in fact operate against the complaining party. In the case under consideration the trial court correctly stated to the jury the rule of law governing plaintiff's asserted right of recovery and the proper

[Loeb v. City of Montgomery.]

measure of damages in the event the jury should find that the plaintiff was entitled to recover. In an effort to state the reason underlying the rule in respect to the measure of damages the trial court used an illustration which constituted that part of the charge urged for error. As petitioner very properly points out, the province and duty of the judge presiding over a jury trial is to fix the attention of the jury upon the issues to be determined, and upon the evidence material to those issues, and he can be none too diligent in guarding the jury against the suggestion of sympathy, prejudice, or passion; and it may be conceded that the illustration, and the expression of it, were unfortunate and had been better omitted. But it does not follow that the result of the trial in this case, which seems to have been fairly conducted in every other respect, must needs be reversed on account of the matter here shown. The proper path to be followed in such cases can be but vaguely defined at best. The trial court's divagation does not impress us as having been very wide or serious, and it happens that in this case the issues and the evidence submitted to the jury were such that the result attained affords a reasonably clear and satisfactory insight into the process by which the jury reached its conclusion and assessed the damages. Upon a review of the whole case we are satisfied that the indiscreet illustration of which the trial court made use had no effect prejudicial to the petitioner. Hence our conclusion that the result of the trial, so far as affected by the points made in the application, ought not to be disturbed.

Certiorari denied. All the Justices concur.